IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BMG, LLC, dba SUBWAY; DALLAS BUTTARS; and KRISTIN MYERS,<br><br>Plaintiffs,<br><br><br>vs.<br><br><br>LAYTON CITY; CLINT BOBROWSKI; TRAVIS LYMAN, and John and Jane does 1-10,<br><br>Defendants. | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br><br><br><br>Case No. 1:17-CV-127<br><br>Judge Dee Benson |

This matter is before the court on Defendants' Motion to Dismiss Plaintiffs' Amended Complaint, in its entirety, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 11.) The court held oral argument on the motion on March 7, 2018. At the hearing, Robert B. Sykes represented Plaintiffs BMG, LLC (dba Subway), Dallas Buttars and Kristin Myers (collectively, "Plaintiffs"). Heather S. White represented Defendants Layton City, Clint Bobrowski and Travis Lyman (collectively, "Defendants"). At the conclusion of the hearing, the court took the matter under advisement. Now, having further considered the written memoranda and oral arguments of the parties, as well as the relevant law and facts relating to the motion, the

1

court enters the following Order.

## BACKGROUND

In the Amended Complaint, Plaintiffs BMG, LLC, dba Subway and its franchisees Dallas Buttars and Kristen Myers assert claims under 42 U.S.C. § 1983 and the Utah Constitution against Layton City and two of its officers, Detective Bobrowski and Lieutenant Lyman. Plaintiffs' claims are based on statements the officers made to the media during the investigation of a possible poisoning of a fellow officer by an employee of the Subway sandwich store. Specifically, Plaintiffs have alleged that the statements made by the officers – regarding the 18-year-old employee's alleged poisoning of a police officer – amount to "constitutional defamation," injuring Plaintiffs' good name and reputation in violation of Plaintiffs' procedural and substantive due process rights under the United States Constitution.

Defendants have moved to dismiss the case in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the basis that Plaintiffs have failed to allege sufficient facts to present a plausible case of a violation of Plaintiffs' constitutional rights. And, Defendants continue, even if Plaintiffs had sufficiently pleaded a constitutional violation, the officers are nonetheless entitled to qualified immunity.

## DISCUSSION

Without commenting on whether the facts alleged in the Amended Complaint could support a claim under § 1983 for "constitutional defamation" on behalf of the wrongly-accused 18-year-old Subway employee, the Court finds there is no plausible claim for a constitutional violation of the Subway store owners; the Plaintiffs herein. All of the statements that form the

basis for Plaintiffs' claims refer directly or indirectly to the employee and do not sufficiently state a claim upon which relief can be granted against his employer.  Taking all of Plaintiffs' allegations as true, the pleadings are insufficient to support either a procedural or substantive due process claim on behalf of Subway.  There is simply nothing in the comments of either officer that would support an inference that Subway was somehow negligent in hiring the accused employee or that Subway participated in what was initially believed to be a poisoning of the officer.  There were no comments suggesting that Subway should have done something to prevent this type of incident and there was certainly nothing said that would cause the inference that Subway tolerated drug use on its premises.  To the contrary, the only statements directly about Subway were that it had been cooperative and that its customers saw no reason to not continue to eat there.  (*See* Defs.' Mem. In Supp. at 10.)

Moreover, even if this Court were to conclude that Plaintiffs factual allegations were somehow sufficient to set forth a violation of Plaintiffs' constitutional rights, Det. Bobrwoski and Lt. Lyman would nonetheless be entitled to qualified immunity.  To withstand the affirmative defense of qualified immunity,  Plaintiffs must show (1) that the Defendants violated a constitutional right, and (2) that the right at issue was clearly established at the time of the defendant's unlawful conduct. *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001).  In this case, in addition to failing to establish a constitutional violation, Plaintiffs have failed to carry their burden to show that the officers' conduct  – providing statements to the media regarding a pending investigation – was a violation of "clearly established" law.

In their attempts to satisfy this burden, the Plaintiffs rely only on broad generalizations of

what they label "clearly established law."  For example, Plaintiffs have argued that "[t]he right to be free from defamation was 'sufficiently clear' in 1976."  (Dkt. No. 20, Pls.' Opp'n at 52.)  They have not, however, presented the court with any case law from the Supreme Court, the United States Court of Appeals for the Tenth Circuit or any other jurisdiction that comes close to establishing a precedent that would make the facts set forth in the Amended Complaint a basis for finding a violation of the Subway store's due process rights.  The Supreme Court has explicitly provided that "the clearly established law must be 'particularized' to the facts of the case.  Otherwise, 'plaintiffs would be able to convert the rule of qualified immunity . . . into a rule of virtual unqualified liability simply by alleging violation of extremely abstract rights."  *White v. Pauly*, 137 S. Ct. 548, 552 (2017).

    Taken in the light most favorable to the Plaintiffs, this case presents the following facts:

- During the lunch hour, on August 8, 2016, a Layton City Police Officer purchased lemonade and a sandwich at a Subway drive-through. The officer reported feeling seriously impaired shortly after taking a sip of the lemonade and believed that his drink had been adulterated with some kind of drug;

- Fellow Layton City officers conducted a preliminary "screening test" of the ill officer's remaining drink, and the preliminary test results came back positive for the presence of methamphetamine and THC;

- Layton City officers interviewed and searched the 18-year-old employee who prepared the lemonade and allegedly poisoned the officer.  The employee denied drugging the officer, and no evidence of drugs was found on his person;

- Layton City officers conducted a search of the Subway sandwich shop, interviewed employees, and obtained video surveillance of the employee area during the time in question;

- The video surveillance led officers to believe the employee acted suspiciously in the manner he filled the drink container, especially the way he appeared to spend an inordinately long period of time leaning over the open drink container;

- That same afternoon, a local news reporter did a "beat check" with the Layton City Police Department to inquire about possible news stories;

- Layton City officers told news reporters about the suspected poisoning;

- Multiple news stations reported on the alleged poisoning of the officer, and reported that the 18-year-old employee had been arrested and was facing felony charges.

(Amended Compl. at 5-17.)

These facts are not materially disputed, nor is the fact that the employee was released from jail later the same day and was found to be innocent of any wrongdoing. No matter how much the Plaintiffs now want to make more of the story than the facts allow, this is simply a case involving news of an arrest based on reasonable suspicion and of a person facing the possibility of criminal charges. There are no facts alleged, or fairly to be inferred from the facts that are alleged, that the Defendant officers intentionally reported falsehoods about the incident to the media. From beginning to end it was at most a case of a negligent police investigation, which has never been viewed as a basis for a § 1983 claim. *See generally Darr v. Town of Telluride,* 495 F.3d 1243, 2357 (10th Cir. 2007) ("Negligence is not a basis for liability under § 1983."). Indeed, it is not clear to this court that in the absence of well-pleaded facts of egregious police behavior, such as intentional lying, there is any clearly established law that would support a constitutional violation in favor of a person, such as the employee in this case, who is arrested on suspicion of committing a crime and is later found to be innocent. Such a person unquestionably has all of the traditional due process rights that are a part of the criminal justice system. But the present case does not involve claims against the employee, but only against his employer, as to

whom, as noted above, there are virtually no facts to support a defamation claim, constitutional or otherwise.

Finally, turning to the claims against Layton City, even if plaintiffs had pleaded sufficient facts against the officers to show a constitutional violation, their municipal liability claims under § 1983 against Layton City must be dismissed.  Plaintiffs have failed to sufficiently allege that a policy, practice or custom of the municipality was the moving force behind the alleged constitutional violations of the officers.  *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

Additionally, the Court concludes that the Plaintiffs have failed to allege facts sufficient to show a flagrant violation of Plaintiffs' rights in violation of the Utah Constitution.

Defendants' Motion to Dismiss is GRANTED.

DATED this 15th day of March, 2018.

_____
Dee Benson
United States District Judge